FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  AUG 31 2004  ★

LONG ISLAND OFFICE

Charles Owens
32 Smith Street
Amityville, NY 11701

August 30, 2004

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
824 Federal Plaza
Central Islip, NY 11722

RE:   Colorado Capital v. Owens v. Providian, et al.
      CV 03-1126 (JS) (WDW)

Judge Seybert:

The purpose of this Letter of Memorandum is to address three separate issues concerning the above-referenced case. Although ordinarily a separate memorandum would be submitted on each issue, in the interest of brevity I ask for the court's indulgence to allow me to address all three issues here, as they are all related. The three issue I will address are as follows:

I.     Arguments In Support Of My Motion To Amend My Complaint;
II.    Arguments In Opposition To Defendant ARS National Service, Inc.'s
       Motion To Dismiss Under FRCP 12 (B)(6);
III.   Inquiry into the Status of a Motion to Dismiss Submitted By Defendant
       Providian Financial Corp., dated September 24, 2003.

Review of Facts

This case began as a dispute over an alleged outstanding credit card balance. Because of the good faith belief that the balance shown on the account statement I received from Providian was in whole or in part fraudulent, I refused to make any additional payment until Providian gave me a full accounting of all charges against my account and all payments credited to my account. Providian responded by hiring two debt collection firms, Nationwide Credit Inc. and ARS National Services, Inc. to collect the alleged debt from me. Both Nationwide and ARS violated my rights by harassing me at home and at my work place.

Providian subsequently sold the alleged credit card debt to Colorado Capital Investments, Inc. Colorado Capital hired Golden Wexler & Sarneses a law firm/debt collection firm to collect the alleged debt from me. Golden Wexler sued me on Colorado Capital's behalf in State Court. I sued Colorado Capital, Providian, and Golden Wexler in Federal Court. I then had the State Court case file by Colorado Capital, transferred to Federal Court and joined with the case I filed.

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
August 30, 2004
Page 2

I subsequently named Nationwide Credit, and ARS National Services as co-defendants. I reached a settlement with Colorado Capital and Golden Wexler, and they are no longer parties to this case.

I.    Arguments In Support Of My Motion To Amend My Complaint

My motion to amend my complaint is in two parts. The first is an attempt to simplify and focus my complaint by deleting the part of Paragraph 51 which bases a claim on 15 USC 1692, The Fair Debt Collection Practices Act. I believe that there is a valid argument to be made that equitable estoppel should prevent ARS from being allowed to raise the defense of the Statute of Limitations, due to the misconduct of a co-defendant, (Colorado Capital) in State Court with whom they share a common interest. However, I have made a judgment that my case is best served by simplicity and focus. Accordingly, I am seeking to delete the part of the claim based upon the Fair Debt Collection Practices Act.

Paragraph 51 currently reads:

"ARS has a duty under both 15 USC 1692, The Fair Debt Collection Practices Act and New York State Common Law to properly train, supervise and restrain their employees from violating my rights."

I would like it to read:

"ARS had a duty under New York State Common Law to properly train and supervise their employees to prevent violations of my rights."

O'Connor's Federal Rules states that:

"if the amendment deletes an allegation previously made, it should usually be permitted, even late in trial".

O'Connor's Federal Rules* Civil Trials (2002) pg. 240. They cite the case of Allen v. National Video, Inc. 610 F. Supp. 6 12 (S.D.N.Y.) 1985.

The Second part of my motion to amend is an attempt to clarify my claim that both ARS and Nationwide are responsible for the actions of their employees under a theory of common law negligence. I am seeking to add a Ninth Cause of Action numbered "62-A" and "62-B" alleging that the employees of both ARS and Nationwide were acting within the scope of their employment when they violated my rights. As a result both ARS and Nationwide are liable for

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
August 30, 2004
Page 3

the consequences of their employee's actions under the Common Law Doctrine of Respondent Superior.

ARS has not filed a responsive pleading. They have filed a Motion to dismiss under FCRP 12 (B)(6). For the purposes of an FRCP 15 Motion to Amend Pleadings, a Motion to Dismiss is not a responsive pleading. Duva v. Board of Education of Franklin Park Pub. School Dist. No. 84, 133 F. 3rd 1054, 1056-57 (7th Cir. 1998).

Nationwide has filed a responsive pleading, however O'Connor's Federal Rules states that:

"If an Amendment merely clarifies or corrects allegations made in the pleadings, it is less likely to cause surprise and should be permitted late in trial. O'Connor Federal Rules* Civil Trials (2002) pg. 240.

O'Connor Federal rules cites the cases of Local 802 Associated Musicians v. Parker Meridien Hotel, 145 F.3rd 85, 89 -90 (2nd Cir. 1998) and Wilwording v. Swenson, 502 F. 2d 844, 847 N. 4 (8th Cir. 1974).

Paragraphs 53 through 62 of my complaints states a claim of vicarious common law liability against Nationwide as a result of the actions of it's employees. The proposed paragraphs 62-A and 62-B seeks to amplify and clarify that claim. In their answer, Nationwide responded to that claim.

O'Connor's Federal Rule states that:

"FRCP 15(A) favors granting leave to amend."

O'Connors Federal Rule* Civil Trials (2002) pg. 240.

"Where a Plaintiff may assert a valid claim, even if inartfully stated, liberal approach of Federal Rules requires that the Plaintiff be given an opportunity to state a claim and have it considered on the merits at trial or on motion for summary judgment."

Dussovy v. Gulf Coast Inv. Corp. (CA, LA. 1981) 660 F. 2d 594. This is especially true when the Plaintiff seeking to amend is appearing Pro Se. Eldridge v. Block, (CA 9 - Cal. 1987) 832 F. 2d 1132.

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
August 30, 2004
Page 4

II.      Arguments In Opposition to Defendant ARS National
         Service Inc.'s   Motion To Dismiss Under FRCP 12(B)(6)

         Defendant ARS National Services bases their FRCP 12 (B)(6) Motion to Dismiss on two
arguments.

         Their first argument is that a cause of action against ARS under 15 USC 1692, The Fair
Debt Collection Practices Act, is time barred due to the expiration of the Statute of Limitation of
the act. This argument is moot, because of my motion to Amend Paragraph 51 of my Complaint
(See Exhibit "A") deleting the part of my claim based upon 15 USC 1692.

         Their second argument is that I violated procedure by filing a supplemental pleading,
naming ARS as a co-defendant without first obtaining this Court's permission. This argument is
based upon a mistake of fact, as Paragraph "4" of Exhibit "B" clearly demonstrates. In Paragraph
"4" of Exhibit "B" this Court clearly gave me permission to amend my complaint in order to
name the debt collection firms that Providian hired to contact me. ARS was one of two firms
hired by Providian to contact me.

         Defendant ARS's Motion to Dismiss does not address my claim that they are liable under
Common Law due to their failure to properly train and supervise their employees. Accordingly,
their Motion to Dismiss under FRCP 12 (B)(6) should be denied.

III.     Inquiry Into the Status of A Motion To Dismiss Under
         FRCP 12(B)(6) Filed by Defendant Providian Financial

         Providian Financial filed a Motion to Dismiss under FRCP 12(B)(6), dated Sept. 24,
2003, almost a full year ago. Because they have not received a response to their motion, they
have not filed an answer to my complaint. In addition Judge Wall is delaying scheduling any
other activity on the case until there is a ruling on Providian's motion. At this point it can be
accurately stated that justice delayed is justice denied.

         Your Honor signed an Order dated March 25, 2004 (Exhibit "C") which Amended My
Complaint and eliminated the Second, Third, Fourth, Fifth and Sixth Causes of Action. I will
briefly review the arguments made regarding the First Cause of Action, the only remaining cause
of action against Providian.

         Providian argued that since the contract between myself and them specified that New
Hampshire Law would apply to any dispute, that this case should be decided by New Hampshire
Law.

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
August 30, 2004
Page 5

In a letter to you dated November 12, 2003, I cited a ruling by the 2nd Circuit of the U.S. Court of Appeals, Cap Gemini Ernst & Young v. Nackel, 346 F. 3rd 360. On the question of choice of law, that case is very similar to the present case. In that case the court said:

> "While it is undisputed that Nackel's employment agreement contains a choice of law clause providing that the agreement shall be construed in accordance with New York Law, the parties contract does not automatically settle the choice of law question. For although New York Courts generally defer to the choice of law made by the parties to a contract, New York Law allows a court to disregard the parties' choice when the most significant contacts with the dispute are in another state."

346 F. 3rd 360, 365.

As I argued in my memorandum, the most significant contacts with this dispute are in New York, not New Hampshire. The Plaintiff is a resident of the State of New York. The Defendant is licensed by the State o New York. The acts which are the subject of this lawsuit were committed in New York State. This is a New York dispute, and it has little or nothing to do with New Hampshire. New York Law should control.

Providian's second argument was that the debt collection firms they hired were independent contractors, and Providian was not liable for their actions. In my November 12, 2003 letter I cited the case of Kleeman . Rheingold which was decided by the New York Court of Appeals in 1993.

In that case the Court said:

> "Despite the Courts' frequent recitation of the general rule against vicarious liability, the common law has produced a wide variety of so called exceptions... Indeed it has been observed that the general rule is now primarily important as a preamble to the catalog of its exceptions.

81 N.Y. 2d 270, 272.   The Court further stated that the:

> "general rule of non-liability applies only where no good reason can be found for departing from it.

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
August 30, 2004
Page 6

81 N.Y. 2d 270, 274.   The Court said:

> "These exceptions, most of which are derived from various public policy
> concerns fall roughly into three basic categories..."81 N.Y. 2d 270, 274.

One of the three categories the Court mentioned was negligence of the employer in selecting,
instructing or supervising the contractors...81 N.Y.2d 270, 274.

As I argued in my memorandum, given Providian's extensive experience as a consumer
lender it is clearly reasonable to expect that they should have foreseen the possibility that the debt
collection firms they hired might resort to prohibited conduct.  They set in motion actions which,
experience should have taught them, had a strong probability of violating my rights.  They had a
duty to exercise care in selecting, instructing and supervising the debt collection firms they hired.

They failed in that duty of care.  As a direct result of their failure to provide that duty of
care my rights were violated.  Providian should be held liable for the actions of the debt
collection firms they hired.

Accordingly, Providian's Motion To Dismiss under FRCP 12(B)(6) should be denied.

Sincerely,

Charles Owens
Third-Party Plaintiff
ProSe
32 Smith Street
Amityville, NY 11701
(631)273-0500

I, CHARLES OWENS, certify that a copy of this Letter of Memorandum was sent to the following parties:

    1)    Christopher Turcotte, Esq.
          Edward & Angell, LLP.
          Attorneys for Providian Financial Corp.
          750 Lexington Avenue
          New York, New York 10022

    2)    Christine Fecko, Esq.
          McGuire Woods, LLP
          Attorneys for ARS National Services Inc.
          1345 Avenue of the Americas
          New York, New York 10105

    3)    Lawrence Banigan, Esq.
          Hill & Associates
          Attorneys for Nationwide Credit, Inc.
          140 Old Country Road
          Mineola, NY 11501


Dated:    Amityville, New York
          August 30, 2004

                              Charles Owens
                              Third Party Plaintiff, ProSe
                              32 Smith Street
                              Amityville, NY 11701
                              (631)273-0500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Colorado Capital,

                Plaintiff/Counter Defendant,

                vs.

Charles Owens,

                Defendant/Counter Plaintiff/
                Third Party Plaintiff

                vs.

Providian Financial Corp.,
Golden Wexler & Sarnese,
ARS National Services, Inc.,
Nationwide Credit, Inc.

                Third Party Defendants.

**MOTION TO AMEND**
**PLEADINGS**

CV-03-1126
(JS) (WDW)

---

Pursuant to Rule FRCP 15, Third Party Plaintiff, Charles Owens, seeks to amend the pleadings of Third Party Complaint as follows:

Paragraph 51 should be changed to read as follows:

(51) ARS had a duty under New York State Common Law to properly train and supervise their employees to prevent violations of my rights.

A Ninth Cause of Action numbered as Paragraphs "62-A" and "62-B" should be added to read as follows:

(62A) The employees of both ARS and Nationwide were acting within the scope of their employment when they violated my rights.

PLAINTIFF'S
EXHIBIT
A

(62B) Both ARS and Nationwide are liable for the consequences of their employee's actions under the common law doctrine of respondent Superior.

Dated:      Amityville, New York
             August 30, 2004

                                                Charles Owens
                                              Third Party Plaintiff, ProSe
                                              32 Smith Street
                                            Amityville, NY 11701
                                            (631)273-0500

I, CHARLES OWENS, certify that a copy of this Motion Top Amend Pleadings was sent to the following parties:

1)    Christopher Turcotte, Esq.
Edward & Angell, LLP.
Attorneys for Providian Financial Corp.
750 Lexington Avenue
New York, New York 10022

2)    Christine Fecko, Esq.
McGuire Woods, LLP
Attorneys for ARS National Services Inc.
1345 Avenue of the Americas
New York, New York 10105

3)    Lawrence Banigan, Esq.
Hill & Associates
Attorneys for Nationwide Credit, Inc.
140 Old Country Road
Mineola, NY 11501

Dated:    Amityville, New York
August 30, 2004

Charles Owens
Third Party Plaintiff, ProSe
32 Smith Street
Amityville, NY 11701
(631)273-0500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    x

EXHiBit — B

In Re: Owens Vs Providian, et al
and Colorado Capital Vs Owens

ORDER

CV 03-1032
CV 03-1126

(1) The two above referenced cases will be consolidated RECEIVED
    case number CV 03-1126 under the title:

IN CHAMBERS OF

HON. JOANNA SEYBERT

    Colorado Capital,

                        Plaintiff, Counter Defendant   ★ AUG 1 1 2003 ★

            Vs

    Charles Owens,

                        Defendant / Counter Plaintiff / Third Party
                                                        Plaintiff

            Vs

    Providian Financial Corp.,
    Golden Wexler and Sarnese
    John Doe Collection agency,

            Third Party Defendants

(2) Charles Owens will consolidate and resubmit his pleadings to
    the combined case by September 1, 2003                        .

(3) Charles Owens will be permitted to serve a pre-answer Discovery
    Interrogatory on both Providian and Colorado Capital regarding
    the Collection Agencies they hired, pursuant to Federal Rule 27.
    The interrogatories must be answered within   30   days after
    they are received.

(4) The Court will make an exception to the Sept. 1, 2003 deadline
    for amendments by Mr. Owens, inorder to allow him time to name
    the Collection Agencies hired by Providian and Colorado Capital
    as codefendants. The Sept. 1st deadline remains in effect for
    all other matters.

                            So Ordered:

                            Joanna Seybert

                            Joanna Seybert, U.S.D.J

Dated: Central Islip, NY.
    Aug. 15 , 2003

EXHIBIT — C

United States District Court
<u>Eastern District of New York</u>

Colorado Capital,
        Plaintiff / Counter Defendant      Order

        Vs.                              CV-03-1126
                                          (JS) (WDW)
Charles Owens,
        Defendant / Counter Plaintiff /
        Third Party Plaintiff

        Vs.

Providian Financial Corp.,
Golden Wexler & Sarnese,
ARS National Services, Inc.
Nationwide Credit, Inc.

        Third Party Defendants

---

Based on argument advanced in Defedants March 22, 2004 letter and
    Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the
pleadings of the Third Party Complaint filed by Third Party Plaintiff,
Charles Owens are to be amended as follows:

(1) Paragraph 18 of the First Cause of Action is to be changed as
    follows:

        Providian had a duty under New York State Common Law
        to exercise care in selecting, instructing and
        supervising the Debt Collection Firms they hired, inorder
        to prevent violations of my rights.

(2) The Second, Third, Fourth, Fifth, and Sixth Causes of Action
    are to be eliminated.

                        So Ordered.

                        _Joanna Seybert_
                        Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       March 25, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Colorado Capital,

              Plaintiff/Counter Defendant,          **ORDER**

              vs.

                                    CV-03-1126
Charles Owens,                       (JS) (WDW)

              Defendant/Counter Plaintiff/
              Third Party Plaintiff

              vs.

Providian Financial Corp.,
Golden Wexler & Sarnese,
ARS National Services, Inc.,
Nationwide Credit, Inc.

              Third Party Defendants.



EXHIBIT

D

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the pleadings of the Third

Party Complaint filed by Third Party Plaintiff, Charles Owens are to be amended as follows:

Paragraph 51 is to be changed to read as follows:

(51) ARS had a duty under New York State Commons Law to properly train
and supervise their employees to prevent violations of my rights.

A Ninth Cause of Action numbered as Paragraphs "62-A" and "62-B" are to be added to
read as follows:

(62A) The employees of both ARS and Nationwide were acting within the
scope of their employment when they violated my rights.

(62B) Both ARS and Nationwide are liable for the consequences of their
employee's actions under the common law doctrine of respondent Superior.

Dated:        Central Islip, New York

                                SO ORDERED

                                _____
                                JoAnna Seybert
                                U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Colorado Capital,

            Plaintiff/Counter Defendant,        **ORDER**

            vs.

                                            CV-03-1126
Charles Owens,                         (JS) (WDW)

            Defendant/Counter Plaintiff/
            Third Party Plaintiff

            vs.

Providian Financial Corp.,
Golden Wexler & Sarnese,
ARS National Services, Inc.,
Nationwide Credit, Inc.

            Third Party Defendants.

*Ex Hibit E1* (handwritten)

The Motion to Dismiss under FRCP 12(B)(6), submitted by Defendant ARS National

Services, Inc. is denied.


Dated:        Central Islip, New York

                              SO ORDERED

                              _____

                              JoAnna Seybert
                              U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Colorado Capital,

               Plaintiff/Counter Defendant,               **ORDER**

               vs.

                                                 CV-03-1126

Charles Owens,                                 (JS) (WDW)

               Defendant/Counter Plaintiff/
               Third Party Plaintiff

               vs.                      ЕXНІВіt
                                     F

Providian Financial Corp.,
Golden Wexler & Sarnese,
ARS National Services, Inc.,
Nationwide Credit, Inc.

               Third Party Defendants.
_____

       The Motion To Dismiss Under FRCP 12(B)(6), submitted by Defendant Providian

Financial Corp. is denied.


Dated:       Central Islip, New York

                                     SO ORDERED


                                    _____
                                    JoAnna Seybert
                                    U.S.D.J.