Charles Owens
32 Smith Street
Amityville, NY 11701
Third Party Plaintiff, Pro Se
(631)273-0500

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 0 3 2004 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLORADO CAPITAL,

              Plaintiff/Counter Defendant,

vs.

CHARLES OWENS,

        Defendant/Counter Plaintiff/
        Third Party Plaintiff,

vs.

PROVIDIAN FINANCIAL CORP.,
GOLDEN WEXLER & SARNESE,
ARS NATIONAL SERVICES, INC.
AND NATIONWIDE CREDIT
INC.,

              Third Party Defendants.

-----------------------------------------------------------------X

(JS) (WDW)
CV-03-1126

## MEMORANDUM OF LAW IN OPPOSITION TO THIRD PARTY DEFENDANT NATIONWIDE CREDIT, INC.'S MOTION TO DISMISS THIRD PARTY PLAINTIFF OWENS' COMPLAINT.

Third Party Plaintiff, CHARLES OWENS, appearing Pro Se respectfully submits this

Reply Memorandum Of Law In Response to Defendant Nationwide Credit Inc.'s Motion to

Dismiss.

1

## PRELIMINARY STATEMENT

Nationwide's Motion for Dismissal cites several grounds. Their arguments are without merit. Their Motion For Dismissal should be denied.

## SUMMARY OF FACTS

This is an action in tort. There are three remaining defendants and I am the only remaining Plaintiff. This dispute developed over an alleged outstanding credit card balance. Providian claimed that I owed them an outstanding sum as a result of a credit card account I had with them. I refused payment based upon a good faith belief that the sum they demanded was at least partly, fraudulent. Providian hired two debt collection firms, ARS Nation Services and Nationwide Credit to collect the disputed balance from me. In an attempt to collect the disputed account balance, the two debt collection firms violated my rights. I filed suit naming Providian, ARS and Nationwide as Defendants.

My complaint alleges a single claim of negligent infliction of emotional distress against each of the three defendants. In addition, since the employees of both Nationwide and ARS were acting within the scope of their employment when they violated my rights, I am seeking to hold Nationwide and ARS liable under the common law principal of respondeat Superior. Both Providian and ARS have made motions for Dismissal, citing a variety of grounds. Their motions are pending. Nationwide now makes a motion for dismissal, citing various grounds.

## LEGAL ARGUMENTS

(1)The Allegations In My Complaint Against Nationwide and It's Employees Are Covered by CPLR 214, Which Has a 3 Year Statute of Limitations.

Counsel for Nationwide correctly points out that the allegations in my complaint against

Nationwide could be covered by the Fair Debt Collection Practices Act 15 USC 1692, and would be barred by the ACT's one year Statute of Limitations. He does not argue that the Federal Statute preempts a claim under New York State Law, because he knows that he cannot. Rather, he argues that my allegations against Nationwide and it's employees are covered under CPLR 215, which covers intentional torts and has a one year statute of limitations. Counsel is mistaken. The allegations, in my complaint against Nationwide and it's employees are covered under CPLR 214, which covers negligent torts, and has a three year statute of limitations.

"The Operative distinction between causes of action governed by the one-year statute of limitations (CPLR 215), and those within the scope of the three year statute of limitations (CPLR 214) is wether the cause of action sounds in an intentional tort or sounds in negligence." Bittner v. Cummings (1992, App. Div., 2d. Dept.) 188 App. Div. 2d 504, 506, 591 NYS 2d 429.

Black's Law Dictionary defines an intentional tort as, "a tort committed by someone acting with general or specific intent." Black's defines a negligent tort as. . . "A tort committed by failure to observe the standard of care required by law under the circumstances."

When Nationwide directed it's employees to attempt to collect the alleged debt from me, their intent both general and specific was to collect the maximum amount of money and incur the minium expense in doing so. Their employees' intent would have been to collect the maximum amount of money to at least keep their jobs and if possible qualify fo salary increases and bonuses. My name would have been one among many thousands if not millions of alleged delinquent accounts referred to them for collection over the period of a typical year. Prior to my name being referred to them as a delinquent account, neither Nationwide or any of it's employee's had a grievance against me. Neither they or any of their employees had a motive to

3

intentionally violate my rights. My complaint alleges that in pursuing what would generally be a legitimate objective, both Nationwide and their employees failed to observe the standard of care required by law. As a result they committed a negligent tort which is covered by CPLR 214.

Both Section 601 of the New York General Business Law, 19 McKinney 601, and the Fair Debt Collection Practices Act 15 USC 1692 Codified a List of Prohibitions for the Debt Collection Industry. As such they set a minimum standard of conduct for the entire industry. Where minimum standards for an industry are set by statute, the common law principal of custom and usage adopts the minimum statutory standard as the industry standard. This is a separate and independent standard from the statute from which the minimum standards were taken. Proof of violation of those Industry standards is proof of Negligence. Trimarco v. Klein, 56 N.Y. 2d 98; 436 N.E. 2d 502 (N.Y. Ct. of Appeals, 1982).

The constant phone calls and other abuses by Nationwide's employees, that I allege in my complaint, were a violation of the minimum standard of behavior for the debt collection industry in New York State. The conduct by Nationwide's employees that I allege in my complaint resulted in my being subject to great embarrassment and emotional distress. The conduct alleged in my complaint is the tort of negligence infliction of emotional distress. Under New York Law, claims for negligent infliction of emotional distress are governed by a three year statute of limitations. Augeri v. Roman Catholic Diocese of Brooklyn, (App. Div. 4th Dept., 1996) 225 A.D. 2d 1105, 639 N.Y.S. 2d 640.

Accordingly, my claims against Nationwide were timely brought, and are not barred by the Statute of Limitations.

(2) **THE SUPPLEMENTS TO MY COMPLAINT, NAMING NATIONWIDE AND ARS AS CO-DEFENDANTS IN THIS CASE WERE PROPERLY MADE. THERE WAS NO VIOLATION OF PROCEDURE**

FRCP 15(d) required that I obtain the Court's permission before supplementing my complaint pleadings inorder to name Nationwide and ARS as co-defendants in this case. In my letter of Memorandum dated Oct. 9, 2004 (copy attached) in opposition to ARS's Motion to Dismiss, I believe that I complied with both the letter and the spirit of that requirement.

Pg 3

Moreover, even if it can be shown that in some way I violated some technical requirement. The Defendant cannot show how they were in any way prejudiced. As the Ninth Circuit of the U.S. Court of Appeals stated in Eldridge v. Block.... "In exercising its discretion with regard to the Amendment of pleadings, a Court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than pleadings or technicalities." 832 F. 2d 1132 (9th Cir. 1987). As the Fifth Circuit stated in Dussouy v. Gulf Coast Investment Corporation...." The Policy of the Federal Rules is to permit Liberal Amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine point of pleadings." 660 F. 2d 594 (5th Cir., 1981). I submit that the requirements of FRCP 15(d) were met.

(3) **THE EVIDENCE SUPPORTING MY CLAIM AGAINST NATIONWIDE WAS SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE. A JURY COULD QUITE REASONABLY GRANT ME RELIEF**

An official from Nationwide is apparently prepared to testify that their training and supervision is perfect and that their employees are equally perfect and never violate State or Federal Law or Nationwide's Company policies. I am prepared to testify that Nationwide's

5

employees did violate my righs and caused me to suffer great embarrassment and emotional distress. My testimony will be supported by a Vice President of the Company by whom I am employed and a receptionist also employed by the Company I work for. The witnesses who will support my testimony are highly credible and have no vested interest in the outcome of this case and therefore no motive to lie. A jury could quite reasonably rule in my favor. Under the Common Law Principle of Respondent Superior, if the Jury determines that Nationwide's employees violated my rights and caused me injury while acting within the scope of their employment, Nationwide can be held liable for the damage. O'Boyle v. Avis Rent-A-Car System, 78 A.D. 2d 431, 435 N.Y.S. 2d 296 (1981 App. Div.).

## CONCLUSION

Defendant, Nationwide's Motion For Dismissal should be denied.

Dated:   Amityville, New York
         November 30, 2004

Yours, etc.

_____
Charles Owens
Defendant/Counter Plaintiff/
Third Party Plaintiff, Pro Se
32 Smith Street
Amityville, New York 11701
(631)273-0500

I, CHARLES OWENS, certify that a copy of this Memorandum was sent to the following parties:

1) Lawrence Banigan, Esq.
HILL & ASSOCIATES
Attorneys for NATIONWIDE
   CREDIT, INC.
140 Old Country Road
Suite 110
Mineola, NY 11501
(516)248-2259

2) Christine Fecko, Esq.
McGUIRE WOODS, LLP
Attorneys for ARS National Services
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100

3) Christopher B. Turcotte
EDWARDS & ANGELL, LLP
Attorneys for Third-Party Defendant
PROVIDIAN FINANCIAL CORP.
250 Lexington Avenue
New York, New York 10022

4) Clerk of the Court

Dated: Amityville, New York
December 3, 2004

Charles Owens
Third-Party Plaintiff, ProSe
32 Smith Street
Amityville, NY 11701
(631)273-0500

Charles Owens
32 Smith Street
Amityville, NY 11701



RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

OCT 12 2004

October 9, 2004

ENTERED

Hon. JoAnna Seybert, U.S.D.J.
U.S. District Court
Eastern District of New York
824 Federal Plaza
Central Islip, NY 11722

RE: Colorado Capital v. Owens v. Providian, et al.
CV 03-1126 (JS) (WDW)

Judge Seybert:

In my letter of October 4, I requested an opportunity to respond to a Reply Memorandum submitted by ARS National Services, dated September 21, 2004. Since Mr. Turcotte, counsel for Providian, submitted a letter in support of ARS's Memorandum, my Response will also apply to Providian.

ARS's Memorandum makes the following arguments:

I. <u>Pursuant to 28 USC 1367(C)(3) This Court Should Decline To Exercise Jurisdiction Over The Remaining State Law Claims, Since The Federal Claims Which Established The Court's Jurisdiction Has Been Resolved.</u>

In the case of <u>Purgess v. Sharroct, 33 F.3d, 134 (2nd Cir. 1994)</u>. The U.S. Court of Appeals for the Second Circuit was asked to review a District Court's Decision to retain jurisdiction over state law claims after all Federal Claims had been dismissed. The Second Circuit upheld the District Court's Decisions to retain Federal Jurisdiction over the State Law Claims, after the Federal Claims were dismissed.

The Court noted that District Courts have wide discretion to decide whether or not to retain jurisdiction in these circumstances. The Second Circuit stated that in determining whether to retain jurisdiction, the District Court should. . .weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to the litigants. 33 F. 3d 134, 137.

As was the case in <u>Purgess,</u> a substantial amount of the Court's and my own time and resources have already been expended in pursuit of this case. This case has been pending for 1-1/2 years. Several hearings have been held; numerous motions and memoranda submitted, and

some of the discovery has been completed. In addition, I have spent, what to me, is a substantial sum on court cost, service of process on the various Defendants, and the general expense of prosecuting my case. It would be a substantial hardship and an injustice to require me to start over in State Court.

In addition as I pointed out in my letter of 8/30/04 it is fundamentally unfair to allow my case to grow stale by the passage of time, and then at some later point allow the Defendants to ridicule my witness's and my own memory. The unfairness would only be compounded by requiring me to start over in State Court. Accordingly, I urge this Court to follow the precedent of <u>Purgess v. Sharroct</u>, and retain jurisdiction over this case.

II.   ARS, Providian and Nationwide Did Not Owe Me a Duty of Care Under New York Negligence Law.

At the time that Providian hired ARS and Nationwide to collect the alleged debt that caused this dispute, I had a number of rights. Among them was the right to a reasonable expectation of privacy, and the right not to be harassed at home and embarrassed at work. ARS, Providian, and Nationwide each claim that did not owe me a duty of care under New York State Negligence Law.

In the landmark case of <u>Palsgraf v. The Long Island Rail Road 248 N.Y. 339; 162 N.E. 99</u> ( 1928, N.Y. Court of Appeals), The New York Court of Appeals said that negligence is actionable when it involves the invasion of a legally protected interest or the violation of a right. 248 N.Y. 339. The Court further stated that the risk reasonably to be perceived defines the duty to be obeyed; and that negligence is the absence of care according to the circumstances. 248 N.Y. 339.

A brief review of the circumstances would seem to be in order. The State of New York passed <u>Section 601 of The General Business Law</u> in 1973, to prohibit the types of acts by Debt Collection Firms which I allege in my complaint. The Congress of the United States passed <u>The Fair Debt Collection Practices Act</u> 15 USC 1692 in 1979 for the same purpose. Both the State and Federal Statutes were passed because of a long history of consumer abuse by the Debt Collection Industry. Both the State and Federal Statutes codified a list of prohibitions for the Debt Collection Industry. As such, they set a minimum standard of conduct for the Industry. Under the Common Law Doctrine of Custom and Usage, when proof of a customary practice is coupled with a showing that it was ignored and this departure was the proximate cause of injury, it may serve to establish liability. <u>Trimarco v. Klein 56 N.Y. 2d 98; 436 N.E. 2d 502 ( N.Y. Court of Appeals, 1982 )</u>.

Under the rulings of the New York Court of Appeals in the Palsgraf and Trimarco Cases, ARS and Nationwide had a duty to train and supervise their employees to make sure that the minimum standards of behavior which governed their industry were obeyed and my rights were not violated. In addition, since the employees of both ARS and Nationwide were acting within the scope of their employment when they violated my rights, ARS and Nationwide are liable for the consequences of their actions under the Common Law Principal of Respondeat Superior. O'Boyle v. Avis Rent - A - Car System 78 A.D. 2d 431; 435 N.Y.S. 2d 296 ( 1981 - N.Y. App. Div. ).

Given Providian's extensive experience as a consumer lender and the Debt Collection Industry's history of consumer abuse, Providian had a duty under the standard of Palsgraf to exercise care in the selection, instruction, and supervision of the Debt Collection Firms they hired inorder to prevent violations of Debt Collection Industry standard and the resulting violations of my rights.

III. ARS Contends That I Did Not Have The Court's Permission To Amend My Complaint To Name ARS and Nationwide As Co-Defendants.

I disagree. An order signed by Your Honor and dated July 29, 2003 ( Plaintiff's Exhibit A ) stated that I had until Sept. 1, 2003 to file any supplements and amendments to my complaint. In a letter to Your Honor dated August 8, 2003 ( Plaintiff's Exhibit B ) I asked The Court to make a limited exception to the July 29th Order so that I could have an opportunity to learn the identity of the Debt Collection Firms Providian hired and name them as Co-Defendants. An order signed by Your Honor, dated August 15, 2003 ( Plaintiff's Exhibit C ) granted my request. I believe that I acted reasonably in believing that I had The Court's permission to amend my complaint and name ARS and Nationwide as Co-Defendants. As a result, it was reasonable of me to believe that I did not have to ask a second time for an approval I already believed I had.

CONCLUSION

For the above stated reasons, the Motions for Dismissal under FRCP 12(B)(6) submitted by both ARS and Providian should be denied. In addition the Motion for This Court to Decline Jurisdiction over the remaining State Law Claims pursuant to 28 USC (C)(3) should also be denied.

Sincerly,

Charles Owens
Third Party Plaintiff, Pro Se
( 631 ) 273-0500

I, CHARLES OWENS, certify that a copy of this Letter of Memorandum was sent to the following parties:

1) Christopher Turcotte, Esq.
   Edward & Angell, LLP.
   Attorneys for Providian Financial Corp.
   750 Lexington Avenue
   New York, New York 10022

2) Christine Fecko, Esq.
   McGuire Woods, LLP
   Attorneys for ARS National Services Inc.
   1345 Avenue of the Americas
   New York, New York 10105

3) Lawrence Banigan, Esq.
   Hill & Associates
   Attorneys for Nationwide Credit, Inc.
   140 Old Country Road
   Mineola, NY 11501

Dated: Amityville, New York

Oct. 9, 2004

---

Charles Owens
Third Party Plaintiff, ProSe
32 Smith Street
Amityville, NY 11701
(631)273-0500

Charles Owens
Third Party Plaintiff, Pro Se
32 Smith Street
Amityville, NY. 11701
(631) 273-0500

United States District Court
Eastern District Of New York          X

Colorado Capital                      :      CV 03-1126 (JS) (WDW)
          Plaintiff,                  :
                                      :
     -against-                        :      Reply Affidavit of
                                      :
Charles Owens                         :      Charles Owens
          Defendant /                 :
          Third Party Plaintiff       :
                                      :
     -against-                        :
                                      :
Providian Financial Corp.,            :
Golden Wexler & Sarnese,              :
ARS National Services, Inc., and      :
Nationwide Credit, Inc.               :
          Third Party Defendants      :
                                      X

     I, Charles Owens certify the following:

(1) I am a Pro Se Third Party Plaintiff in the above referenced case.

(2) The purpose of this affidavit is to submit for the Court's
    convenience copies of the following documents in support of
    my letter of memorandum in opposition to ARS's Motion to
    Dismiss my complaint:

    (a) Court Order dated July 29, 2003, marked Plaintiff's Exhibit A.

    (b) Letter to the Court dated Aug. 8, 2003, marked Plaintiff's
        Exhibit B.

    (c) Court Order dated Aug. 15, 2003, marked Plaintiff's Exhibit C.

Dated: Amityville, NY.                        _____
       Oct. 9, 2004                           Charles Owens
                                              Third Party Plaintiff
                                              Pro Se
                                              (631) 273-0500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHARLES OWENS,

        Plaintiff,      ORDER
                            03 CV 1032 (JS)(WDW)
    -against-

PROVIDIAN FINANCIAL CORP., COL.
CAPITAL INVESTMENTS INC., JOHN DOE
COLLECTION AGENCY, AND GOLDEN,
WEXLER AND SARNESE,

        Defendants.
----------------------------------------X

Appearances:
For Plaintiff:      Charles Owens, pro se
                      32 Smith Street
                      Amityville, New York 11701

For Defendants:     Christopher B. Turcotte
                      Edwards & Angell, LLP
                      750 Lexington Avenue
                      New York, New York 10022

SEYBERT, District Judge:

       The Court is in receipt of numerous amendments and supplements to Plaintiff's complaint, which was initially filed on March 3, 2003. In the interests of clarity and efficiency, Plaintiff is hereby directed that he shall not be permitted to amend or supplement his complaint further, after September 1, 2003. Any amendment or supplement filed with the Court after that date will be returned to Plaintiff without docketing or filing. The clerk of the Court shall amend the record to reflect that all motions are hereby dismissed as superceded by the subsequently filed supplements. Should Defendants so desire, they may reassert

1

their motions by letter application after Plaintiff's final amendment or supplement.

SO ORDERED.

/s/ Joanna Seybert
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
July 29, 2003

2

Ⓑ

Charles Owens
32 Smith Street
Amityville, NY. 11701

Aug. 8, 2003

Hon. Joanna Seybert, U.S.D.J.
United States District Court
Eastern District of New York
834 Federal Plaza
Central Islip, NY. 11722

Re: Owens V. Providian CV 03-1032
    Colorado Capital V. Owens CV 03-1126

Judge Seybert:

Enclosed are copies of orders issued by you and Judge Wall in two closely related cases in which I am a party, plus a letter written by Mr. Turcotte, Providian's lawyer. I would appreciate a clarification your July 29th order in light of the statements made by Judge Wall at the July 16th hearing on CV 03-1126 and Mr. Turcotte during a July 24th conference call on CV 03-1032.

My understanding of both the July 16th hearing with Judge Wall and the July 24th conference call with Mr. Turcotte, was that the two cases would be consolidated in the interest of efficiency. In substance the two cases are one and the same. The facts, issues, and parties are closely related. Colorado Capital, who is the successor in interest to Providian, filed the case which became CV 03-1126 against me in State Court. I filed CV 03-1032 in Federal Court naming Providian, Colorado Capital, et al in Federal Court. I then had the State Court case transferred to Federal Court. In the interest of efficiency I ask that the two cases be consolidated under Federal Rule 42.

If I may make a suggestion, Case Number CV 03-1126 could be used for the consolidated case and the case title could be as follows:

    Colorado Capital,
                Plaintiff   /   Counter Defendant

        Vs.

    Charles Owens,
                Defendant / Counter Plaintiff / Third Party Plaintiff

        Vs.

    Providian Financial Corp
    Golden Wexler & Sarnese, et al
                Third Party Defendants

My answer to Colorado Capital's complaint, and my complaint pleadings against all the parties I have named can be consolidated into one set of pleadings.

In the interest of efficiency I would like to make an additional request. Under Federal Rule 27 I ask that the Court permit me to serve Providian and Colorado Capital with a Pre-Answer Discovery Request regarding the collection agencies the hired to contact me. I need this information inorder to properly prepare my pleadings. I ask that in setting the due date for my pleadings that the court allow me time to submit my Discovery requests to both Providian and Colorado Capital and for them to respond.

Finally I ask that the Court make an exception to the Sept.1st deadline for me to amend my case, because when I learn the identity of the collection agencies I would like to name them as co-defendants.

Sincerly,

Charles Owens
Plaintiff Pro Se

(631)273-0500

I, Charles Owens certify that a copy of this document was sent all interested parties.

Charles Owens

EXHIBIT - C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK       x

In Re: Owens Vs Providian, et al
and Colorado Capital Vs Owens

ORDER

CV 03-1032
CV 03-1126

(1) The two above referenced cases will be consolidated case number CV 03-1126 under the title:

RECEIVED
IN CHAMBERS OF
HON. JOANNA SEYBERT
★ AUG 11 2003 ★

Colorado Capital,

    Plaintiff, Counter Defendant

Vs

Charles Owens,

    Defendant / Counter Plaintiff / Third Party Plaintiff

Vs

Providian Financial Corp.,
Golden Wexler and Sarnese
John Doe Collection agency,

    Third Party Defendants

(2) Charles Owens will consolidate and resubmit his pleadings to the combined case by _September 1, 2003_.

(3) Charles Owens will be permitted to serve a pre-answer Discovery Interrogatory on both Providian and Colorado Capital regarding the Collection Agencies they hired, pursuant to Federal Rule 27. The interrogatories must be answered within __30__ days after they are received.

(4) The Court will make an exception to the Sept. 1, 2003 deadline for amendments by Mr. Owens, inorder to allow him time to name the Collection Agencies hired by Providian and Colorado Capital as codefendants. The Sept. 1st deadline remains in effect for all other matters.

So Ordered:

_Joanna Seybert_
Joanna Seybert, U.S.D.J

Dated: Central Islip, NY.
   Aug. _15_, 2003